WILMASER, EX'X, v. THE CONTINENTAL LIFE INS. CO.

1. **Life Insurance:** CHANGING BENEFICIARY BY WILL OF THE ASSURED. One whose life is insured for the benefit of another cannot, by his last will and testament, divert the fund from the beneficiary named in the policy, and make it payable to his executor.

*Appeal from Scott Circuit Court.*

MONDAY, JUNE 8.

PLAINTIFF brought this action to recover certain premiums paid to defendant by plaintiff's testate on a life insurance policy. The circuit court sustained a demurrer to the petition, and, plaintiff declining to amend, judgment was entered dismissing the cause, from which she appeals.

*Fred. Heinz*, for appellant.

*Thurston & Hall*, for appellee.

REED, J.—It is alleged in the petition that in 1870 the defendant issued to the decedent, Francis S. Wilmaser, a policy of insurance on his life, by which it agreed, in consideration of the payment by him of certain premiums during his life-time, to pay to his daughter, Clara M. Wilmaser, the sum of $1,300 after his death, and that during his life-time he

paid to defendant the sum of $425.13 as premiums on said policy; and that before his death he made a will, which has been admitted to probate, by which he devised to said Clara M. the sum of $500, on condition that she would assign to his estate all her right and interest under said insurance policy, and which also contained a provision which directs his executrix, in case said Clara M. shall decline to make such assignment, to assert a claim against defendant for the amount of the premiums paid by him on the policy. It is also alleged that the executrix has tendered to said Clara M. the amount of said devise, and requested her to assign the policy, but that she had declined to make such assignment, and the prayer is for judgment for the amount of the premiums paid by the testate on the policy.

We entertain no doubts as to the correctness of the ruling of the circuit court on the demurrer. The policy constituted a contract between the insured and the defendant, by the terms of which defendant was bound, on the payment by him of the premiums, to pay the stipulated sum to the beneficiary at his death. One of the defendant's undertakings by the policy was to pay the stipulated sum. Another was to pay it to the beneficiary named. The promise to pay the amount of the policy to Clara M. Wilmaser is as certainly a part of its undertaking as is the promise to pay the sum named, and it clearly is a material part of it. The will of the insured cannot have the effect to alter the contract in any of its material parts, for the undertakings of one of the parties to an agreement cannot be changed without his consent by any act of the other.

When the death of the insured occurred, the conditions precedent to defendant's liability to the assured had all happened. From that moment she had a valid claim upon it, by the terms of the policy, for the amount of money which it had covenanted to pay her, and its liability in that regard was in no manner affected by the will.

AFFIRMED.