CATHERINE M. MULLEN vs. JOEL H. REED, GUARDIAN.

First Judicial District, Hartford, March Term, 1894.    ANDREWS, C. J.,
TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

The deceased husband of the plaintiff was insured in a benefit association organized under the laws of the State of Massachusetts where it was located and where the deceased then had his domicil, and such association, in its certificate of membership, promised and agreed "to pay to the heirs-at-law of said member," a sum of money in sixty days after due proof of his death.

The husband died domiciled in this State, leaving the plaintiff, his widow, and one child, a minor.    The association paid the amount due, $5,000, to the guardian of such child, and in an action by the widow against the guardian to recover a portion of the money so paid, it was held :—

1. That the contract embodied in the certificate should be construed and interpreted according to the laws of Massachusetts where the contract. was made and was to be performed.

2. That under the laws of that State the widow was an "heir-at-law" within the meaning of that term as used in the certificate of membership, and as such was entitled to such proportion of the insurance

money as she would have taken under the statute of distributions of that State, had the money in question been intestate estate of the deceased member, to wit: one third.

3. That such construction also accorded with the actual intent of the parties as gathered from the language of the certificate when read in the light of the circumstances under which it issued.

4. That the term "heirs-at-law" should not be construed in its strict, primary and technical sense, if it is apparent from the language used that the parties intended it to have a more comprehensive and popular meaning.

A written stipulation between counsel that the appellee may raise and argue questions of law in this court, upon the appeal of the other party only, forms no part of the record although printed with it; and this court will not hear or pass upon such questions, especially where it does not appear on the record that they were raised on the trial below and decided adversely to the appellee.

[Argued March 6th—decided April 2d, 1894.]

ACTION by the widow of Joseph Mullen, to recover a portion of the insurance money paid over by the association in which he was insured, to the defendant as guardian of the minor and only child of the plaintiff and said Mullen; brought to the Superior Court in Tolland County and heard upon the defendant's demurrer to the complaint; the court, *John M. Hall, J.*, overruled the demurrer, and after a full hearing at a subsequent term the court, *Thayer, J.*, rendered judgment for the plaintiff to recover of the defendant one third of the insurance money, and the defendant appealed for alleged errors of the court. *No error.*

The case is sufficiently stated in the opinion.

*Joel H. Reed*, for the appellant (defendant).

I. The heirs of Joseph Mullen are to be ascertained by the law of this State, where he died and was domiciled at the time of his death, and not by the law of Massachusetts, where the contract was made. Story on Conflict of Laws, 6th. ed., sec. 362, 380, 481, 481a, 484; *Holcomb* v. *Phelps*, 16 Conn., 132; *N. W. Masonic Association* v. *Jones*, 154 Penn. St., 99.

II. The widow of Joseph Mullen is not included, as a coheir with his son, by the use of the words "heirs at law" in

this certificate. In its technical sense an heir is he who succeeds by descent to lands, tenements and hereditaments, being an estate of inheritance. Jacob's Law Dict., "Heir." Bouvier defines an heir to be one born in lawful matrimony who succeeds by descent, right of blood, and by act of God, to lands, tenements and hereditaments, being an estate of inheritance. Bouvier Law Dict., "Heir." In this technical or legal sense it does not include a widow or husband. *Lord* v. *Bourne*, 63 Me., 368; *Richardson* v. *Martin*, 55 N. H., 45; *Wilkins* v. *Ordway*, 59 N. H., 378; *Gauch* v. *St. Louis M. L. Ins. Co.*, 88 Ill., 251; *Wright* v. *M. E. Church*, Hoff., Ch. 202; *Tillman* v. *Davis*, 95 N. Y., 17, and cases cited; O'Hara on Wills, 298, 299; *Baldwin* v. *Carter*, 17 Conn., 201.

The word heir or heir-at-law is to be construed according to its technical or legal sense, unless otherwise indicated by the instrument itself. Cases last above cited, and *Rand* v. *Butler*, 48 Conn., 293; *Gold* v. *Judson*, 21 Conn., 616; *Cushman* v. *Horton*, 59 N. Y., 149; *Clark* v. *Cordis*, 4 Allen, 466; *Leake* v. *Watson*, 60 Conn., 506.

When used in relation to personal estate the word means the same as next of kin, and next of kin does not include the widow. *Lord* v. *Bourne, supra; Richardson* v. *Martin, supra; Wilkins* v. *Ordway, supra; Gauch* v. *St. Louis M. L. Ins. Co., supra; Wright* v. *M. E. Church, supra; Tillman* v. *Davis, supra*; *Ketteltas* v. *Ketteltas*, 72 N. Y. 312; *Slosson* v. *Lynch*, 43 Barb., 148; *Murdock* v. *Ward*, 67 N. Y., 387; *Luce* v. *Dunham*, 69 N. Y., 36; *Garrick* v. *Lord Camden*, 14 Ves., Jr., 372; *Drake* v. *Pell*, 3 Edw., Ch. 251; *Watt* v. *Watt*, 3 Ves. Jr., 244; O'Hara on Wills, 298, 299, 304, 319.

III. If the plaintiff takes anything under this certificate she would take only her statutory share, and not an equal share with the son. *Rand* v. *Sanger*, 115 Mass., 128; *Barrett* v. *Granger*, 100 Mass., 348; *Baskin's Appeal*, 3 Penn., 304; *Holbrook* v. *Harrington*, 16 Gray, 102; *Masonic Aid Association* v. *Jones*, 154 Penn. St., 99.

*William A. King*, for the appellee (plaintiff).

I. Is the widow included in this policy, as a beneficiary under the term "heirs-at-law?"

It may be conceded that the term heir, or heirs at law, in its primary sense, is an inappropriate term to be used in connection with personal property. The moment it is used in connection with personal property it is deflected from its primary meaning and takes on a new and and more flexible meaning. It seems undisputed that the terms "heirs-at-law," "legal heir," and "heir," are identical in meaning. The plaintiff submits the following authorities in support of her claim that she is included in the term "heirs-at-law," used in this policy. *Gosling* v. *Coldwell*, 1 Lea, (Tenn.) 454; Hawkins on Wills, pp. 92–94, and notes; *Wingfield* v. *Wingfield*, 26 Moak's Rep., 423; *Collier* v. *Collier*, 3 Ohio St., 369; Wigram on Wills, Part II., 303; Williams on Executors, pp. 1107–1109; *Corbett* v. *Corbett*, 1 Jones Eq., (N C.) 117; *Freeman* v. *Knight*, 2 Ired., (N. C.) 72; *Croom* v. *Whitefield*, 4 Hawkes, (N. C.) 393; Redfield on Wills, Part II., p. 385, §§ 16–18, p. 390, note 35; *In re Stevens Trust*, L. R., 15 Eq., 227; *McKinney* v. *Stuart*, 5 Kan., 384.

This contract was made in Massachusetts, where all the parties at that time resided. The Massachusetts cases are very strong in support of plaintiff's claim. *Houghton* v. *Kendall*, 7 Allen, 77; *Sweet* v. *Dutton*, 109 Mass., 589; *White* v. *Stanfield*, 146 Mass., 424; *Kendall* v. *Gleason*, 152 Mass., 457.

The following cases throw light upon the question, but deal with real and personal property, and seem to be under a Massachusetts statute. *Procter* v. *Clark*, 154 Mass., 48; *Lavery* v. *Egan*, 143 Mass., 389; *Lincoln* v. *Perry*, 149 Mass. 368; *Addison* v. *Com. Travellers' Association*, 144 Mass., 592.

The New York cases cited by the defendant are not in point. They relate either to real estate or to real *and* personal property. *Cushman* v. *Horton*, 59 N. Y., 149: *Luce* v. *Dunham*, 69 N. Y., 41; *Murdock* v. *Ward*, 67 N. Y., 387; *Keteltas* v. *Keteltas*, 72 N. Y., 312; *Tillman* v. *Davis*, 95 N. Y., 27. In the case of *Lawton* v. *Corliss*, 127 N. Y., 100, the court recognized the principle that when the context

of the will shows that the testator used the word " heir " or " heirs-at-law " or " next of kin " in a popular sense, his intent must prevail over the use of technical language.

The Pennsylvania cases strongly sustain the plaintiff's position. Jarman on Wills, (6th Am. Ed.) Vol. II. page 95, note, refers to *In re Comly's Estate*, 136 Penn. St., 153, and *In re Ashton's Appeal*, 134 Penn. St., 390 ; *Northwestern Masonic Ass.* v. *Jones*, 154 Pa. St., 99.

II. Joseph Mullen *intended* to include his widow as a beneficiary, and unless he has made use of language which the law will not, under any circumstances, permit to include a widow, his intent should prevail. *Insurance Co.* v. *Palmer*, 42 Conn., 60 ; *Addison* v. *Com. Trav. Ass.*, 144 Mass., 592.

The plaintiff claims that whether or not the policy should be construed under the laws of Massachusetts, yet the fact that it was taken out in Massachusetts, *where the parties lived at the date of the contract and for years afterward, is evidence that at the time of making the contract he intended that his widow should be included.* Without doubt the Massachusetts decisions would have included the widow, and Joseph Mullen would be presumed to have intended to include her, making the contract under laws and decisions which did include her ; and the fact that he took out a policy in a State which did hold her to be included as a beneficiary, indicates that he meant to include her as such. Comity will give effect to the laws of another State in order to carry out the intent of, and to do justice between, the parties. *Dike* v. *Erie R. R. Co.*, 45 N. Y., 118 ; Story on the Conflict of Laws, § 272 ; *Lockwood* v. *Crawford*, 18 Conn., 361.

" No case can be found which denies the universal and flexible rule that the word [heir] *must bear the meaning which the testator intended to give it, and that meaning must prevail over its technical import and effect.*" *Gambell* v. *Forest Grove Lodge*, (Md.,) 3 Cent. Rep., 888 ; *Weeks* v. *Cornwall*, 104 N. Y., 336 ; *Bond's Appeal*, 31 Conn., 183. Courts are liberal in upholding a designation of beneficiaries. May on Ins., §§ 390–399l.

III. As between the insurance company and the benefi-

ciary, the policy is a contract and to be so construed. *Ins. Co.* v. *Palmer*, 42 Conn., 65. In this aspect of the case there is authority for construing the policy in accordance with the law of the place where it was issued,—and then the widow would without question be included ; especially would this result follow if she had a vested interest therein, as many cases hold. Story, Conflict of Laws, §§ 272 and 278; *Jones* v. *Ætna Ins. Co.*, 14 Conn., 501 ; *Wood* v. *Wilkinson*, 17 id., 510 ; *Smith* v. *Mead*, 3 id., 255 ; *Phila. Loan Co.* v. *Towner*, 13 id., 257 ; *Chapin* v. *Dobson*, 78 N. Y., 75.

The change of domicil would not affect the rights already acquired by the plaintiff. *Bonati* v. *Welsch,* 24 N. Y., 161.

IV. The widow can maintain this action. The Connecticut authorities seem to abundantly establish that the beneficiaries have a *vested interest* the moment the policy is issued. *Ins. Co.* v. *Palmer*, 42 Conn., 60 ; *Ins. Co.* v. *Burroughs*, 34 id., 305 ; Statutes of Conn. and Mass.; *Chapin* v. *Fellows*, 36 Conn., 132 ; *Kelly* v. *Gaylor*, 40 id., 343.

" An action of debt lies by the beneficiaries named in the death certificate of a mutual insurance company." *Abe Lincoln Co.* v. *Miller*, 23 Brod., 341 ; *Ins. Co.* v. *Miller's Adm'r*, 13 Bush. (Ky.), 489 ; *Loos* v. *Ins. Co.*, 41 Mo., 538 ; *Myers* v. *Ins. Co.*, 27 Pa. 268 ; May on Insurance, § 399 ; *Phelps* v. *Woodhouse*, 51 Conn., 521.

TORRANCE, J. In July, 1891, Joseph Mullen, domiciled in the town of Stafford in this State, died intestate, leaving the plaintiff as his widow, and one minor child. The plaintiff and the deceased intermarried prior to 1877, and said child is the issue of the marriage.

At the time of his death, Joseph Mullen was a member of " The Bay State Beneficiary Association " of Westfield, Massachusetts, a corporation organized under the laws of that State, "for the purpose of providing Benefit and Protection to its members ˚and their families." He became a member thereof in 1882, while domiciled in the State of Massachusetts, where he and his family continued to reside for some years afterwards. By the certificate of membership issued

to him by said Association, he was constituted a member thereof; and in said certificate the Association agreed "to pay to the 'heirs-at-law' of said member, in sixty days after due proof of the death of said member, a sum equal to the amount received from one death assessment, but not to exceed five thousand dollars."

Within sixty days after his death, said Association paid to the defendant Reed, as the guardian of said minor child, the sum of five thousand dollars in full of the amount due under said certificate, and he now holds the same as such guardian. The present action was brought by the plaintiff, the widow of Joseph Mullen, against said guardian to recover a portion of said insurance money.

The defendant Reed demurred to the complaint because it did not appear therein "that the plaintiff is an heir-at-law of the said Joseph Mullen or that she is entitled to any part of said insurance money."

The court overruled the demurrer, and subsequently, after the administrator of Joseph Mullen had been cited in as a party, and "after a full hearing" no answer having been filed in the case, rendered judgment that the widow recover of the defendant Reed one third of the insurance money together with costs of suit.

From that judgment Reed, as guardian of the child, took the present appeal, alleging as reasons of appeal, that the court erred in overruling the demurrer, and in deciding that the plaintiff was entitled to one third of the money. It does not appear that the administrator makes any claim to the insurance money or any part thereof or that he took any part in this suit. There is really but one question before us upon this appeal, and that is whether the widow is entitled to one third of the insurance money.

By a written agreement signed by the counsel for both parties, filed in the court below after the present appeal was taken, and printed with the record, the plaintiff attempts to bring up the question whether the widow is or is not entitled to one half rather than one third of the insurance money, if she is entitled to any; but this agreement is no part of the

record in any proper sense, and it nowhere appears upon the record, as required by the statute (§ 1135) that this question was raised on the trial below and decided adversely to the plaintiff. That question is therefore not properly before us, and for this reason we decline to consider it.

The question, then, is whether the widow is entitled to one third of the insurance money; and its solution depends upon the construction of the words "heirs at law" contained in the certificate of membership under which the money was paid over to the guardian of the minor child.

What do these words "heirs at law" mean in this certificate? Do they include or exclude the widow? Under these words the guardian claims the entire sum for the minor child, and the widow claims a share of it under the same words.

The question of course is, what was intended by these words at the time they were put into this certificate; and this is to be ascertained from the words used to express the intention, when read in the light of all the circumstances under which they were used. In ascertaining their meaning it must be borne in mind that the contract embodied in the certificate was made in Massachusetts, by parties domiciled or located there; that it was undoubtedly made with reference to the law of that State alone; and that both by its terms and by the understanding of the parties it was to be performed there. This being so, the general rule is that it should be construed and interpreted according to the laws of that State. *Smith* v. *Mead*, 3 Conn., 253; *Philadelphia Loan Co.* v. *Towner*, 13 id., 249; *Koster* v. *Merritt*, 32 id., 246. "For purposes of construction, it is always legitimate to consider the time when, and the circumstances in which, the will was made, and we think the law under which it was made is one of those circumstances." *Staigg* v. *Atkinson*, 144 Mass., 564. This principle is we think equally applicable to an instrument like this certificate.

We therefore think the words "heirs-at-law" in this instrument ought to be construed by us as they would be by the courts of Massachusetts, if this certificate was before them for construction upon this point; and as we understand

the matter, the courts of that State, in cases where the words " heirs at law " are used in an instrument disposing of personal property alone, have quite uniformly construed them as meaning those persons who are entitled to take under the statute of distributions, unless there is something in the context to indicate a contrary intention. *Houghton* v. *Kendall,* 7 Allen, 72; *Sweet* v. *Dutton,* 109 Mass., 589 ; *White* v. *Stanfield,* 146 Mass., 424; *Kendall* v. *Gleason,* 152 Mass., 457. And not only this, but the courts of that State have held that the words " heirs at law," when used in such an instrument, indicated an intent that such persons are to take in the same manner and in the same proportions as if the property had come to them as intestate estate, unless a contrary intention appears. Thus in *Houghton* v. *Kendall, supra,* the court says :

" In this Commonwealth we find no authority which would conflict with the adoption of the construction which seems to us reasonable, that when the word ' heirs ' is used in the gift of personalty, it should primarily be held to refer to those who would be entitled to take under the statute of distributions, and to indicate that they should take in the same manner and in the same proportions as if it had come to them as intestate estate of the person whose ' heirs ' they are called." See also *Bassett* v. *Granger,* 100 Mass., 348 ; *Rand* v. *Sanger,* 115 Mass., 124.

The rules of construction thus applied in that State in the cases cited, do not probably differ materially if at all from those that would be applied under similar circumstances by the courts of this State. In both, the principal object is to ascertain the intention of the parties from the words used to express it; in both, the word " heirs " will be given its strict, primary, technical meaning, if such appears to have been the intention of the parties ; and in both, it will be given its more comprehensive and popular meaning if it appears to have been used in that sense. *Sweet* v. *Dutton,* 109 Mass., 589 ; *Leake* v. *Watson,* 60 Conn., 498-506.

Under the laws of Massachusetts at the time when this certificate was issued, if an intestate left a widow and issue,

the widow was entitled to one third of the residue of the personal property; if he left a widow and no issue the widow took the whole residue of personalty to the amount of five thousand dollars, and one half of the excess of the residue of such property above ten thousand dollars. Public Statutes of Mass. 1882, Chap. 135, p. 770, Sec. 3. If, then, this certificate is to be construed as the courts of Massachusetts would probably construe it, and we think it should be, it follows that the words " heirs at law " must be held to include the widow; and that she is entitled to one third of the insurance money under the certificate, because that is the share of this money she would take under the laws of that State.

The result thus reached is also, we think, in accordance with the actual intent of Joseph Mullen, so far as the same can be ascertained from the certificate read in the light of the circumstances under which it was made, as they appear of record, and without reference to the rule we have been considering. The certificate is in the nature of a contract of insurance. The money to become due on it, under the laws of Massachusetts, Supp. to the Pub. Stat., p. 811, § 15, as appears of record, could not be taken by creditors, and it is fair to presume that this was known to the deceased at the time the certificate was issued. If so, there would be the further presumption that he thus intended to create a fund for the benefit of his family primarily, and not for the benefit of his creditors, or his estate ; a fund that would go to the members of that family living at the time of his death, not as a part of his estate, but directly by force of the certificate.

He designated the class who were to take as beneficiaries, by the words " heirs at law; " and it is a fair presumption that he used those words for this purpose, in view of the uniform meaning which had been given to them in instruments of a nature similar to this certificate, by the courts of Massachusetts. In short, from the certificate itself, read in the light of the circumstances under which it was made, we think it is fair to conclude that Joseph Mullen used the

words "heirs at law" in their popular sense, as meaning those persons who would take his intestate personal property under the statute of distributions of the State of Massachusetts, and that under them, consequently, he meant to include his widow.

The money due upon the certificate at the time of his death formed no part of his estate, but belonged to the beneficiaries. It nowhere appears that the deceased had the power to substitute other beneficiaries in place of the class first designated ; and if he had, it is quite certain that he never exercised it. This certificate, then, was in effect a valid agreement, on the part of the association, to pay the money to become due under its provisions, to the beneficiaries designated therein. When due, the money certainly belonged to them and not to the estate of the deceased. *Conn. Mutual Life Ins. Co.* v. *Burroughs*, 34 Conn., 305; *Continental Life Ins. Co.* v. *Palmer*, 42 Conn., 60; *Masonic Aid Asso.* v. *Jones*, 154 Pa. St., 99.

There is no error apparent upon the record.

In this opinion the other judges concurred.