[L. A. No. 6658. Department One.—November 22, 1920.

In the Matter of the Estate of MAMIE WHEATLEY, Deceased; E. C. DYER, Appellant.

[1] ESTATES OF DECEASED PERSONS—WILL—DOCUMENT ADDRESSED TO LIFE INSURANCE COMPANY—DESIGNATION OF BENEFICIARY—LACK OF TESTAMENTARY CHARACTER.—A document addressed to a life insurance company signed by the writer and several persons as witnesses stating that the writer wished to name a designated person as beneficiary of her policy if she should die in Calexico or vicinity, as such person was to care for her remains, is not testamentary in character, but nothing more than a statement to the company of her wish as to the beneficiary under the policy.

APPEAL from an order of the Superior Court of Imperial County refusing admission of will to probate. Franklin J. Cole, Judge. Affirmed.

The facts are stated in the opinion of the court.

Robert G. Hill for Appellant.

J. S. Larew for Respondent.

SHAW, J.—The proponent of a document claimed to be the will of the decedent, Mamie Wheatley, appeals from an order of the superior court refusing to admit the same to probate.

The document bore the date of July 28, 1918. The decedent died on December 14, 1919. There was evidence to show that on the date of the document, while the proponent was at the house of the decedent, she said to him that she had a Metropolitan life insurance policy and some money in the bank and some property in Los Angeles, and that she wanted to will the amount of money in the Metropolitan policy to said proponent, and gave him a paper and pencil to write it upon, whereupon he wrote at her dictation the following document:

"Calexico, California, July 28, 1918.
"To the Metropolitan Life Insurance Company:
"I wish to name as beneficiary, Rev. E. C. Dyer, if I should die in Calexico, or vec. as he is to care for my remains.

"MAMIE WHEATLEY."

Said document was thereupon signed by five persons other than the proponent, as witnesses thereto. This is the paper which was offered for probate as the last will of the decedent. [1] While it sufficiently appears that the decedent intended at that time to make a will, it is apparent from an inspection of the document that it is not testamentary in character. It is addressed to the Metropolitan Life Insurance Company, and is nothing more than a statement to that company that she wished to name Rev. E. C. Dyer a beneficiary under the policy. It is unambiguous, and there is nothing in the language to indicate an intention

other than that thus stated, or to characterize the same as a testamentary document. Indeed, the last clause appears to make the effect of the designation of Dyer as beneficiary conditional upon the event of the decedent dying in Calexico or vicinity. The case comes within the rule followed in *Estate of Meade,* 118 Cal. 430, [62 Am. St. Rep. 244, 50 Pac. 541], and *Estate of Richardson,* 94 Cal. 63, [15 L. R. A. 635, 29 Pac. 484].

The judgment is affirmed.

Lawlor, J., and Olney, J., concurred.