LILLIAN M. SIGAL *vs.* THE HARTFORD NATIONAL BANK & TRUST COMPANY.

MALTBIE, C. J., HAINES, BANKS, AVERY and JENNINGS, Js.

Argued February 7th—decided March 5th, 1935.

*Josiah H. Peck,* with whom, on the brief, were *I. Oscar Levine* and *Louis H. Katz,* for the appellant (plaintiff).

*Francis W. Cole,* with whom was *Pomeroy Day,* for the appellee (defendant).

MALTBIE, C. J. The complaint states the following situation: Nathan Sigal took out three life insurance

policies in different companies in each of which it was agreed that the insurer "would pay to the plaintiff," his wife, at his death a certain sum. Thereafter Sigal entered into a purported trust agreement with the defendant, a copy of which is made an exhibit attached to the complaint. This agreement, so far as it is necessary to refer to it for our present purposes, provided that the defendant as trustee should collect the sums due upon the policies, if Sigal did not sell or surrender them, change the beneficiary named in them, or revoke the agreement in whole or in part, should hold and invest the money, should make payments from the income to Sigal's mother and sister, should pay to, or use for the benefit of, the plaintiff or their children the rest of the income, with power to use also a portion of the principal for them, and ultimately should pay the principal of the fund, at the times fixed for such distribution, to their children living and the representatives of any child who should then be deceased.

This agreement the plaintiff claimed to be void because it was testamentary in character and not executed in accordance with the requirements of the statutes concerning the execution of wills. Sigal notified each company that the beneficiary in the policy issued by it had been changed from the plaintiff to the defendant as trustee. The change in beneficiary was also alleged to be void because of the invalidity of the purported trust agreement. Thereafter the defendant collected the sum due on each policy. The money is alleged to be the property of the plaintiff, but, despite demand made, the defendant has refused to pay it to her. The prayers for relief were for money damages and for a judgment declaring that the purported trust agreement and the changes in beneficiary were invalid and that the proceeds of the policies in the hands of the defendant were the property of the plaintiff. The

defendant demurred to the complaint upon five grounds, the first four of which were to the effect that the trust agreement was not testamentary in character and was valid and effectual, and the fifth, to the effect that the plaintiff had no right of action in any event, because the change under which the defendant as trustee was substituted in each policy as beneficiary terminated her rights under the policy. The trial court sustained the demurrer upon the first four grounds and found it unnecessary to consider the fifth.

We have hesitated to determine this case in the absence of certain interested parties. The action is essentially one, not to recover damages for a wrong done by the defendant to the plaintiff, but one to enforce the plaintiff's right to a fund in the hands of the defendant. In the disposition of this fund others than the parties to this action have a direct interest; thus Sigal's mother and sister and the children of the plaintiff and Sigal have rights which would be adversely affected if the contention of the plaintiff is correct and it is possible that, should the agreement be held invalid but the change of beneficiary be held valid, Sigal's estate might under the terms of the policy have an interest in a trust which might result under such circumstances. But the question at issue has been ably and thoroughly presented to us; in our opinion the agreement is clearly valid; a decision to this effect will give the persons who are mentioned in it all they could claim; and any right of the estate would depend upon facts not appearing upon the present record and which may or may not exist. We shall therefore decide the case, even though, of course, our decision would not be conclusive upon the rights of persons not parties to the action. *Rockwell* v. *Bradshaw,* 67 Conn. 8, 15, 34 Atl. 758; *Barnes* v. *Kelly,* 71 Conn. 220, 222, 41 Atl. 772; *White* v. *Smith,* 87 Conn.

663, 667, 89 Atl. 272; *Bartram* v. *Powell,* 88 Conn. 86, 92, 89 Atl. 885.

A life insurance policy is a contract to pay a sum of money upon the death of the insured, in consideration of a payment or payments duly made during his life. *Allen* v. *Hartford Life Ins. Co.,* 72 Conn. 693, 695, 45 Atl. 955; *Reed* v. *Provident Savings Life Assur. Soc.,* 190 N. Y. 111, 118, 82 N. E. 734; *Keckley* v. *Coshocton Glass Co.,* 86 Ohio St. 213, 225, 99 N. E. 299. Such a policy may contain provisions for its surrender for cash, and the insured may often borrow money upon it; so under some circumstances he may create in another a right to receive the proceeds of the policy, and this he may do for a consideration accruing to him as well as by way of gift. *Allen* v. *Hartford Life Ins. Co.,* 72 Conn. 693, 45 Atl. 955; *Colburn's Appeal,* 74 Conn. 463, 51 Atl. 139. In these, and perhaps other ways, an insured may realize money for himself upon the policy. So, because of a right which he may have to realize upon policies which are made payable to himself, his estate or his personal representatives, or in which he has reserved the right to change the beneficiary, the value of such policies may during his life be treated as an asset of his estate. See 3 Remington, Bankruptcy, §§ 1248, 1250; *Cohen* v. *Samuels,* 245 U. S. 50, 38 Sup. Ct. 36. But where the policy is made payable to some person as named beneficiary and the insured dies while the designation of that beneficiary is still in effect, whatever amount is due at his death is payable to that person and forms no part of the estate of the insured. *Mullen* v. *Reed,* 64 Conn. 240, 250, 29 Atl. 478; *Shepard & Co.* v. *New York Life Ins. Co.,* 87 Conn. 500, 504, 89 Atl. 186; *Farmers' Loan & Trust Co.* v. *McCarty,* 100 Conn. 367, 372, 124 Atl. 40; *Gurnett* v. *Mutual Life Ins. Co.,* 356 Ill. 612, 619, 191 N. E. 250. In such a situation

the sum due upon his death is not the property of the insured. "'A will is the legal declaration of intention as to the disposition of one's property after death. To this intention, made known through the written declaration, the law gives effect, and so executes the testator's will.' *Jacobs* v. *Button,* 79 Conn. 360, 362, 65 Atl. 150. The subject-matter of a will is the estate of the person, which can be affected by his intent properly expressed, 'only after the death of the testator. The term may be thus defined. A will is the lawful intent of a competent person, legally expressed, regarding his estate, and effective after his death.' 1 Alexander's Commentaries on Wills, p. 25." *Whitehill* v. *Halbing,* 98 Conn. 21, 23, 118 Atl. 454.

The ordinary policy of life insurance somewhat resembles a will in that it becomes operative, as to the amount payable at the death of the insured, only when that death occurs and often until that time is ambulatory as regards the beneficiary because of the insured's right to change the beneficiary or surrender the policy. But a life insurance policy payable to a named beneficiary is not a will because it does not operate upon any property of the insured owned by him at his death. *In re Koss,* 106 N. J. Eq. 323, 150 Atl. 360; *In re Wheatley's Estate,* 184 Cal. 399, 193 Pac. 934; *Bose* v. *Meury,* 112 N. J. Eq. 62, 163 Atl. 276; *In re Voorhees' Estate,* 200 App. Div. 259, 193 N. Y. Sup. 168; *Johnston* v. *Scott,* 137 N. Y. Sup. 243, 247. Indeed, when a beneficiary has been properly named and the insured dies while that designation is effective, he cannot destroy the rights of the beneficiary by will, unless that will can operate as a change of beneficiary. *Gould* v. *Emerson,* 99 Mass. 154, 157; *McClure* v. *Johnson,* 56 Iowa, 620, 10 N. W. 217; *Wilmaser* v. *Continental Life Ins. Co.,* 66 Iowa, 417, 23 N. W. 903; *Ricker* v. *Charter Oak*

*Life Ins. Co.*, 27 Minn. 193, 6 N. W. 771; see *Farmers' Loan & Trust Co.* v. *McCarty*, 100 Conn. 367, 372, 124 Atl. 40. The policy is a contract to pay a sum of money to a third party, performance of which is postponed until the death of the insured. See *Bristol* v. *Warner*, 19 Conn. 7, 18; *Connecticut Mutual Life Ins. Co.* v. *Burroughs*, 34 Conn. 305, 315. As May says: "Neither the times nor amounts of payments by the insured, nor the mode of estimating or securing the payment of the sums to be paid by the insurer, affect the question whether the agreement between them is a contract of insurance." 1 May, Insurance (4th Ed.) § 1. A provision in the policy under which the insurer is directed to hold the principal of the policy and disburse the income until at some future time the principal becomes payable, or which provides that the sum due be paid in the form of annuities, would not of itself give to the transaction the character of a will or derogate from its essential nature as a contract to be performed at or after the death of the insured; and no doubt the same purpose could be accomplished by an agreement between the insured and the insurer after the issuance of the policy where the insured has reserved the right to change the beneficiary and the agreement amounts to or is accompanied by such a change validly made.

If an insured can assign a policy for a consideration, certainly he can change the beneficiary, under a right reserved to him in the policy, in consideration of some benefit passing to him or some obligation assumed by the beneficiary. That consideration may take the form of an agreement by the beneficiary as to the way in which he will hold and disburse the proceeds of the policy. Such an agreement would not be testamentary in character though it provides for the distribution of the proceeds of the policy when re-

ceived, after the death of the insured, because it would not apply to any property owned by the deceased but only to a fund arising out of a contract made by him, performance of which was postponed until his death. Such agreements have been, we believe, uniformly sustained, although the particular question we are considering seems not to have arisen except in the first case we cite. *Johnston* v. *Scott,* 137 N. Y. Sup. 243; *Hirsh* v. *Auer,* 146 N. Y. 13, 40 N. E. 397; *Kerr* v. *Crane,* 212 Mass. 224, 98 N. E. 783; *Fidelity T. & Tr. Co.* v. *Graham,* 262 Pa. St. 273, 105 Atl. 295; *Gurnett* v. *Mutual Life Ins. Co.,* 356 Ill. 612, 191 N. E. 250; *Bose* v. *Meury,* 112 N. J. Eq. 62, 163 Atl. 276; see *Travelers Ins. Co.* v. *Mayo,* 103 Conn. 341, 349, 130 Atl. 379. That the agreement might never become effective because of some act of the insured under the powers reserved to him by it or in the policy, would in no way invalidate it or prevent it becoming effective should the beneficiary designated actually receive the proceeds of the policy. See cases above cited. The trial court was correct in holding that the agreement between Sigal and the defendant was not testamentary in its character and in sustaining the demurrer upon that ground.

There is no error.

In this opinion the other judges concurred.