FRANCESCO ·CAPAN, APPELLANT, v. DELAWARE, LACKA-
WANNA AND WESTERN RAILROAD COMPANY, RE-
SPONDENT.

Submitted· July 9, 1917—Decided November 19, 1917.

A risk which is entirely· obvious to an employe and· is fully appre-
ciated by him is an assumed risk under the Federal Employers'
Liability act, and· where an employe continues to do work without
assistance under a change of circumstances which, to his own
knowledge, renders it dangerous without assistance, his conduct
in so doing relieved· the employer from liability.

On appeal from the Supreme Court.

For the appellant, *Horace L. Allen.*

For the respondent, *W. J. Larrabee.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This appeal is taken from a
judgment entered upon a verdict for the defendant directed
by the trial court.

The action was brought by Capan, the plaintiff, to· recover
compensation for injuries received by him while in the em-
ploy of the Delaware, Lackawanna and Western Railroad Com-
pany, the present respondent. His right to the relief which
he claimed was rested by him upon the provisions of the
Federal Employers' Liability act. Both sides admitted that
this statute regulated the rights and responsibilities of the
parties so far as the present cause of action is concerned.

The material facts developed by the evidence were these:
the plaintiff was employed upon the defendant company's
dock at Jersey City, and at the time of the accident was en-
gaged in transferring certain oil cakes from the company's
cars standing on the dock to a barge lying alongside of it.
He was using a hand truck for this purpose. While engaged
in this work the tide began to recede, causing the incline from
the dock to the barge to become gradually more and more

steep. He undertook to go down this incline in its altered condition with a load of about seven hundred pounds of oil cakes upon his truck. While doing so he lost control of the truck, slipped and fell, and one of the oil cakes toppled over and fell upon him, fracturing his arm.

The plaintiff's asserted right of recovery is based upon the proposition that the respondent corporation was negligent, and, therefore, liable under the federal statute, because of its failure to furnish him assistance in handling the truck under the changed conditions existing at the time of the accident; the descent from the dock to the barge being then so steep as to make it unsafe for anyone to attempt to handle the truck unaided. It is not, however, necessary to determine the soundness of this contention, for, if it was dangerous for a single longshoreman to attempt to handle a truck so heavily loaded upon so steep an incline unless he had assistance, that danger was as obvious to the appellant as to his employer, or any of its representatives. In fact, the appellant himself admitted upon the witness-stand that he appreciated the danger under the conditions existing at the time of the accident of attempting to handle the truck without assistance, but thought that he was strong enough to do so. Under the federal statute the employer is not liable for injuries received by the employe arising out of risks assumed by the latter. A risk which is entirely obvious to the employe, and is fully appreciated by him, is an assumed risk under the federal statute, and that being so the appellant, by his conduct in attempting to handle the truck without assistance, not withstanding his knowledge of the danger of such an attempt, relieved the respondent from liability.

The verdict in the case was, therefore, properly directed, and the judgment under review must be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, JJ. 13.

*For reversal*—None.