AETNA LIFE INSURANCE COMPANY, In Equity,

*vs.*

BENJAMIN G. KIMBALL, et als.

Cumberland.    Opinion March 7, 1921.

*In an appeal from the finding of a single Justice upon matters of fact in equity, the*
*burden of clearly convincing the Appellate Court of the incorrectness of such finding*
*is upon the appellant.    The assignment of a life insurance policy, valid in its*
*inception, as an ordinary business transaction, without suspicion of*
*fraud and entirely free of the character, attributes, and surround-*
*ings of a wager policy, made by the assured and beneficiary in*
*good faith for ample consideration, and assented to by the*
*insurance company, vests the assignee with the entire*
*legal interest in the policy, whether the assignee*
*has an insurable interest in the life of the*
*assured or not.*

This was a bill of interpleader brought by the Aetna Life Insurance Company against Benjamin G. Kimball, Henry J. Conley and Theodore Kerr for the purpose of determining which one of the defendants was entitled to the proceeds of a certain policy of insurance issued by said Aetna Life Insurance Company on the life of Rosina W. Kimball, deceased, wife of the defendant Benjamin G. Kimball.

The sitting Justice found that the defendant, Theodore Kerr, was entitled to the fund in question, and from the final decree, the defendant, Henry J. Conley, appeals to this court.

*Held:*

1.    Examination of the record discloses such finding to be supported by the testimony in the case, and the appellant presents no sufficient evidence in opposition thereto.

2.    It is a rule well established in this jurisdiction that the decision of a single Justice upon matters of fact in an equity case should not be reversed unless the Appellate Court is clearly convinced of its incorrectness, and that the burden of showing error is upon the appellant.

3.    An assignment of a policy made by the assured in good faith for the purpose of obtaining its present value, and not as a gambling risk between him and the assignee, or a cover for a contract of insurance between the insurer and the

assignee, will pass the interest of the assignor; and the fact that the assignee has no insurable interest in the life of the insured is neither conclusive nor prima facie evidence that the transaction is illegal.

4.   It is well settled that an assignment of a life insurance policy executed in compliance with the terms of the policy by the assured and the only beneficiary, divests both of them of, and vests the assignee with, the entire legal interest in the policy.

5.   An insurable interest in the life of another, such as will take the contract of insurance out of the class of wager policies is such an interest, arising from the relations of the party obtaining the insurance, either as creditor of or surety for the assured, or from the ties of blood or marriage to him, as will justify a reasonable expectation of advantage or benefit from the continuance of his life.

6.   The weight of authority appears to hold that a life insurance contract is not one of indemnity, and so does not require the insurable interest to continue as in case of fire insurance, but is a mere chose in action, which may be assigned in a bona fide transaction as any other chose in action.   If the contract or policy was valid at its inception it may be assigned for a valuable consideration and the assignee may thereafter carry it on and receive the proceeds.   *A fortiori* is this so, if the assignee also has an insurable interest.

On appeal.   A bill of interpleader brought by the Aetna Life Insurance Company against Benjamin G. Kimball, Henry J. Conley and Theodore Kerr to determine to which one of the defendants should be paid the proceeds of a certain policy of insurance issued by plaintiff on the life of Rosina W. Kimball, deceased, wife of the defendant Benjamin G. Kimball, viz; five thousand dollars which had been deposited by plaintiff with the clerk of the Supreme Judicial Court for the County of Cumberland.   The sitting Justice found in favor of one of the defendants, Theodore Kerr, and decreed that the fund in question, with interest accrued thereon less the costs and counsel fees allowed by the court to plaintiff, was the property of defendant, Theodore Kerr, from which decree the defendant, Henry J. Conley took an appeal to the Law Court.   Appeal dismissed with costs. Decree affirmed.

The case is fully stated in the opinion.

*Henry J. Conley, pro se,* for appellant.

*William H. Murray,* for appellee.

SITTING:   CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, JJ.

HANSON, J.   This was a bill of interpleader brought by the Aetna Life Insurance Company against Benjamin G. Kimball, Henry J.

Conley and Theodore Kerr for the purpose of determining which one of the defendants was entitled to the proceeds of a certain policy of insurance issued by said Aetna Life Insurance Company on the life of Rosina W. Kimball, deceased, wife of the defendant, Benjamin G. Kimball.

The sitting Justice found that the defendant, Theodore Kerr, was entitled to the fund in question, and from the final decree, the defendant, Henry J. Conley, appeals to this court.

The facts which were not in dispute are briefly as follows: On the 20th day of June, A. D. 1908, the plaintiff in this action issued to Mrs. Rosina W. Kimball, wife of the defendant, Benjamin G. Kimball, a policy of insurance for $5,000, payable at the death of said Rosina W. Kimball, or if she survived, at the end of twenty-four years, to the said Rosina W. Kimball. In case of death before the end of the term of twenty-four years, said $5,000 was to be paid to her husband, Benjamin G. Kimball, as beneficiary under said policy.

On the 6th day of June, A. D. 1912, said Rosina W. Kimball and Benjamin G. Kimball executed an instrument to sell, assign and transfer to the defendant, Theodore Kerr, all their right, title and interest in and to said policy above mentioned, and said instrument of assignment was delivered to said Kerr, and by him forwarded to the said insurance company which assented thereto. At the time of the execution of this assignment there was also executed between said Benjamin G. Kimball and Rosina W. Kimball and the said defendant, Theodore Kerr, a memorandum of agreement by which it was agreed between the parties thereto that said policy was assigned to said Theodore Kerr as collateral security to secure certain notes given by the said Kimball to Theodore Kerr. According to the uncontradicted testimony in the case, the indebtedness described in the assignment of this policy as collateral was never paid according to the terms of the agreement accompanying said assignment, and it appears from the evidence that all premiums on said policy were paid by the defendant, Theodore Kerr, except two partial payments on said premiums, amounting to $50, being paid by said Benjamin G. Kimball.

Subsequently under date of June 12th, 1915, a supplementary assignment was given by Benjamin G. Kimball and Rosina W. Kimball to said Kerr, covering the same period, extending the indebtedness secured by said assignment to all the indebtedness between the parties at that time.

Finally under date of June 20, 1918, a further assignment was given by said Rosina W. Kimball and Benjamin G. Kimball to Theodore Kerr of all their right, title and interest and claims and demands of every name and nature in said policy, said assignment containing the following clause: "It is understood and agreed that this is a supplemental assignment or release of said policy and is to be considered as an assignment in full (a prior assignment dated June 6, 1912, being for collateral purposes only)." This assignment was delivered to said company and was assented to by it. At the time of the execution and delivery of said assignment there was executed an agreement between the Kimballs and said Kerr by which it was agreed between the parties thereto that said assignment was accepted by said Kerr in full payment and satisfaction of $1750, being slightly more than the cash surrender value of said policy, the balance of the indebtedness mentioned in said agreement of $371.44 being discharged by a promissory note given that date by said Kimball to said Kerr. At the date of the last assignment the defendant Conley was the owner and holder of seven promissory notes of $500 each signed by Benjamin G. Kimball, the beneficiary named in the policy of insurance, amounting in all to $3500. On the death of the insured, Mrs. Rosina W. Kimball, both defendant Kerr and the defendant Conley made claim against the plaintiff herein for the amount set forth in the policy of insurance, namely, $5,000. The plaintiff thereupon brought this bill and deposited with the clerk $5,000, to be subject to the final disposition of the same by this court.

The sitting Justice found "that Rosina W. Kimball and her husband Benjamin G. Kimball, assigned the policy in question to the defendant Kerr in settlement of certain indebtedness for which she was responsible at least as endorser, and that she was liable on other indebtedness of her husband to Kerr in addition to the amount for which the policy was assigned in payment."

The sitting Justice further found "that the policy being a valid one at the time of the assignment, the insured and the beneficiary had a legal right to assign all their interest therein in payment of certain of their liabilities to the assignee, and having received it in a bona fide business transaction, we think it was within the privilege of the assignee to carry it on by paying the premium or surrendering it for its cash value, as he might at any time elect."

Examination of the record discloses such finding to be supported by the testimony in the case, and the appellant presents no sufficient evidence in opposition thereto.

It is a rule well established in this jurisdiction that the decision of a single Justice upon matters of fact in an equity case should not be reversed unless the appellate court is clearly convinced of its incorrectness, and that the burden of showing error is upon the appellant. *Stewart v. Gilbert*, 115 Maine, 262.

The appellant contends that the final assignment "did not pass to Kerr the full face of the policy, but only the sum of seventeen hundred and fifty dollars, the indebtedness for which said policy had been held as collateral security."

The sitting Justice found "that the deceased Rosina W. Kimball and her husband Benjamin G. Kimball, had an insurable interest in her life, and the policy was therefore valid at its inception; that the defendant, Theodore Kerr, at the time of the several collateral assignments in 1912 and 1915, and of the absolute assignment as a creditor of Rosina W. Kimball, also had an insurable interest in her life and that the assignments to Kerr by the assured, Rosina W. Kimball, and the contingent beneficiary, Benjamin G. Kimball, were, therefore, valid, and that the absolute assignment in 1918 was assented to by the Insurance Company."

The testimony shows conclusively that the transaction was entered into and carried on in good faith from its inception. There were business dealings between the parties upon which no criticism can be made. The first assignments were for security merely, and finally when the absolute assignment was made, the consideration was ample and was equal to the cash surrender value of the policy at the date of the assignment. The assignee, Kerr, elected to pay the premium and continue the policy, as he had the legal right to do. The policy was valid in its inception, the relations of the parties and their business dealings were such as comports with ordinary relations and business transactions, without suspicion of fraud and entirely free of the character, attributes, and surroundings of a wager policy. Nor was the assignment illegal as a wagering contract.

An assignment of a policy made by the assured in good faith for the purpose of obtaining its present value, and not as a gambling risk between him and the assignee, or a cover for a contract of insurance between the insurer and the assignee, will pass the interest of

the assignor; and the fact that the assignee has no insurable interest in the life of the insured is neither conclusive nor prima facie evidence that the transaction is illegal. *Mutual Life Ins. Co.* v. *Allen,* 138 Mass., 31.

It is well settled that an assignment of a life insurance policy executed in compliance with the terms of the policy by the assured and the only beneficiary, divests both of them of, and vests the assignee with, the entire legal interest in the policy. *Tremblay* v. *Aetna Life Ins. Co.,* 97 Maine, 547.

An insurable interest in the life of another, such as will take the contract of insurance out of the class of wager policies is such an interest, arising from the relations of the party obtaining the insurance, either as creditor of or surety for the assured, or from the ties of blood or marriage to him, as will justify a reasonable expectation of advantage or benefit from the continuance of his life. Appeal of Corson, Executor of McLean, 113 Pa., State Rep., 438.

The weight of authority appears to hold that a life insurance contract is not one of indemnity, and so does not require the insurable interest to continue as in case of fire insurance, but is a mere chose in action, which may be assigned in a bona fide transaction as any other chose in action. If the contract or policy was valid at its inception it may be assigned for a valuable consideration and the assignee may thereafter carry it on and receive the proceeds. A *fortiori* is this so, if the assignee also has an insurable interest. See *Conn. Mut. Life Ins. Co.* v. *Schaefer,* 94 U. S., 457; *Griggsby* v. *Russell,* 222 U. S., 149; *Mutual Life Ins. Co.* v. *Allen,* 138 Mass., 24; *King Jr.* v. *Cram,* 185 Mass., 103; *Mechanics Nat. Bank* v. *Comins,* 72 N. H., 12, 19; *Prudential Ins. Co.* v. *Leach.,* 112 Mich., 436; *Martin* v. *Stebbins,* 126 Ill., 387; *Ritter* v. *Smith,* 70 Md., 261; *Fitzgerald* v. *Rawlings,* 114 Md., 470; *Steinbach* v. *Diepenbrock,* 158 N. Y., 24; *Clark* v. *Allen,* 11 R. I., 439; *Rahders* v. *Peoples Bank,* 113 Minn., 496; In re Phillips, 238 Pa. St., 423, and cases referred to in the above authorities.

Many of the authorities to the contrary are based upon *Warnock* v. *Doris,* 104 U. S., 775, which has since been differentiated and explained by the Federal Supreme Court in *Griggsby* v. *Russell,* supra.

The entry will be,

*Appeal dismissed with costs.*
*Decree affirmed.*