## THE FARMERS' LOAN AND TRUST COMPANY, EXECUTOR, *vs.* JOHN P. McCARTY ET ALS.

Third Judicial District, New Haven, January Term, 1924.

WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, JS.

All property owned by a decedent at the time of his death, including
   specific devises and bequests, is to be taken into account in as-
   certaining the value of the widow's third of the estate, the life use
   of which she elects to take (§ 5055) in lieu of the provision made
   for her in the will.

The election by the widow to take her statutory share annuls all testa-
   mentary provisions in her favor, but not those in favor of others;
   though it may, as in the present case, suspend their operation, in
   whole or in part, during her life, and, in so far as they are dependent
   upon contingencies limited to her lifetime, may render them in-
   capable of being carried into effect at all, thus necessitating changes
   which will approximately carry out the testator's intentions.

The renunciation by a widow of a bequest of a life use of one quarter
   of the estate, and her election to take in lieu thereof one third
   under the statute, does not accelerate the rights of the testamentary
   remainderman, since all that is renounced under the will is at once
   retaken under another claim of right and nothing is left for the
   present enjoyment of the remainderman.

Since the widow's statutory life use is not defeated by her remarriage,
   a provision in the will that upon her remarriage the property of
   which she was given the life use should revert to the remainder-
   man, becomes incapable of execution upon her election to take her
   statutory share.

Questions relating to contingencies which have not arisen and may
   never arise, will not be considered by this court in a suit to con-
   strue a will.

The proceeds of a life insurance policy under which the widow has a
   vested interest as sole beneficiary, are not to be included in com-
   puting the value of her statutory life estate.

Argued January 15th—decided March 1st, 1924.

SUIT to construe the will of Richard D. J. McCarty
of Greenwich, deceased, brought to and reserved by
the Superior Court in Fairfield County, *Haines, J.,*

upon the facts alleged in the complaint and admitted by the answers, for the advice of this court.

The testator died October 20th, 1922, leaving him surviving a widow and four children, Richard, Lucy, Edith and John, the three last-named being issue of a former marriage.

The will gives a specific legacy to John, and the residue to the plaintiff upon trust to divide the same into four equal parts; to pay the income of one part to the widow for life, and upon her death or remarriage the corpus of such part to go to Richard; and to pay the income of the second, third and fourth parts to Lucy, Edith and John, respectively, with remainder in the case of each to her or his issue. The provisions for the failure of issue of any child are omitted because not applicable to the facts stated.

The fourth paragraph of the will reads as follows: "I have heretofore named my said wife, Helen I. McCarty, as beneficiary under a certain insurance policy on my life for $10,000, and this together with the provision hereinbefore made for her, shall be in lieu of all dower and rights of all kinds to which she might be entitled in my estate."

The questions reserved for our advice arise out of the widow's election to take her statutory life interest in one third of the testator's estate, in lieu of the provision made for her in his will. They are stated thus in the record:—

1. Whether, in determining the amount to be set aside under the widow's election to take under the statute, the value of the stock in the McCarty Analine & Extract Company, and the value of the jewelry, guns and firearms should be included.

2. Whether, after the specific legacy to John P. McCarty has been satisfied and the one third has been set out to Helen I. McCarty for life under the statute,

the residue is to be divided into three parts to be administered under the trust provided by the will, or whether it is to be divided into four parts.

3. Whether the election of the widow to take under the statute renders void the provisions of paragraph (b) of section three.

4. Whether, if divided into four parts, the income of the one-fourth part provided in paragraph (b) of section three would accrue for the benefit of Richard D. J. McCarty, Jr.

5. If Helen I. McCarty shall remarry, whether the corpus of the one fourth shall go immediately to Richard D. J. McCarty, Jr.

6. Whether in case of the remarriage of Helen I. McCarty, the amount to be paid to Richard D. J. McCarty, Jr., shall be one fourth of the entire residue of the estate, or one fourth of the residue subject to its proportionate share of the life use of Helen I. McCarty taken under the statute.

7. Under paragraph (f) of section three, whether in case of the death of either Lucy V. McCarty, Edith A. B. McCarty, or John P. McCarty, without leaving lawful issue, the share of such deceased shall be paid to Helen I. McCarty directly, or become a portion of the share of Richard D. J. McCarty, Jr., under subdivision (b).

8. Whether in making the computations necessary to carry out the provisions of the will as interpreted by the court, there should be considered the life insurance policy amounting to $10,000 mentioned in section four of the said will.

*Edward K. Nicholson* and *William J. Buckley,* for the plaintiff.

*Gilbert D. Lamb* of New York City, and *Paul S. Chapman,* for the defendant Helen I. McCarty.

*William J. Buckley*, with whom, on the brief, was *Edward K. Nicholson*, for the defendant Richard D. J. McCarty, Jr.

*Harry F. Bryne* of New York City, with whom was *J. Albert Hughes*, for the defendants John P. McCarty *et al.*

BEACH, J. Taking the questions reserved in their order:—

1. By the statute (§ 5055) the widow is entitled to the use for life " of one-third in value of all the property, real and personal, legally or equitably owned " by her husband at the time of his death, after the payment of all debts and charges against the estate; and "the right to such third shall not be defeated by any disposition of the property by will to other parties." The value of all the property given to John by the second paragraph of the will must therefore be included in ascertaining the value of the widow's third of the estate.

2. The testator directs the trustee to divide the residuary estate into four equal parts, and he intended thereby to create four equal life interests, with remainders over. The widow's election takes one third of the whole estate out of the trustee's possession during her life. This temporarily disarranges the testator's scheme so far as the equality of the life interests is concerned. The trustee still has title as trustee to the whole residuary estate subject to the widow's statutory life interest, and at her death it will retake possession of the widow's third and carry out the testator's will, so far as it is then possible to do so. In the meantime it must make some apportionment of the remnant left in its hands, in the attempt to approximately carry out the testator's intent as to the remaining life tenants. The widow already has more than her testamentary

share as life tenant, and it seems that the testator's intent will be best approximated by dividing the remnant into three equal parts to be administered in accordance with paragraphs (c) (d) and (e) of section three. To divide it into four parts is unnecessary, because there are but three beneficiaries left who are entitled to income under the will. The effect of such a division would be that after satisfying the specific legacy to John, the residue would then be divided into five parts instead of four, and fresh complications would arise as to the disposition of the income of the fifth part. Richard has no interest in enjoyment until after his mother's death, and his interest as remainderman will be amply protected by the bond required of the widow as life tenant.

3. The widow's election annuls all testamentary provisions in her favor, but it does not annul any testamentary provisions in favor of others, although it may, and in this case does, suspend their operation, in whole or in part, during her life; and in so far as they are dependent upon contingencies limited to the widow's lifetime, it may make them incapable of being carried into effect at all. The result is that the provision of section (b) for setting aside one quarter of the residue is temporarily suspended, the provision for the payment of the income of such quarter to the widow is annulled; and since her statutory life use is not defeated by remarriage, the provision that upon her remarriage the corpus of the fund disposed of in section (b) shall go to the testator's son Richard, becomes incapable of execution. The provision that the corpus of one quarter of the residue shall go to Richard upon the death of the widow remains unaffected by her election, for upon her death it will be possible to readjust the division of the residue so as to comply with the testator's intent that it should be divided into four equal parts. Such

readjustment should be upon the basis of the inventory value of the property set to the widow for life.

Some question has been raised as to the effect of the widow's election in accelerating the vesting in enjoyment of the gift to Richard; which under the terms of the will is a gift vesting in interest at the testator's death, but postponed in enjoyment until the death or remarriage of the widow. The claim is made by Richard's guardian *ad litem*, that the effect of the life tenant's renunciation is to accelerate the rights of the remainderman; and that would be true, except for the fact that the renunciation by the life tenant is in this case coupled with a recaption of the life use under another claim of right, the effect of which is to leave the life tenant still in possession of all that was renounced. Until the recaptured life estate falls in, there will be nothing left for present enjoyment by the remainderman, for, as already observed, the widow's election cannot annul, though it may temporarily suspend, testamentary provisions in favor of others.

4. The contingency upon which this question is based has been excluded, and for that reason it requires no answer.

5 and 6. These questions have been fully answered in connection with question 3.

7. This question relates to a contingency which has not arisen and may never arise, and for that reason it will not be answered.

8. The proceeds of the policy referred to in this question formed no part of "the property owned by the husband at the time of his death," and are not to be included in computing the value of his estate for the purpose of ascertaining the value of the widow's third. From the time when she was named as beneficiary, the widow has had a vested interest in the proceeds of the policy of which she could not have been divested

by any act of the insurer or of the insured or of both acting together, except in the manner provided in the contract for a change of beneficiary. *Shepard & Co.* v. *New York Life Ins. Co.,* 87 Conn. 500, 89 Atl. 186.

The questions reserved are answered as follows: No. 1, yes. No. 2, three parts. No. 3, yes, except the gift in remainder to Richard, which can take effect in enjoyment only upon the death of the widow. But this answer does not apply to the provision made for the death of Richard prior to the death of the widow, concerning which no opinion is expressed. No. 4, not answered for reasons given. No. 5, no. No. 6, the remarriage of the widow will not entitle Richard to any payment. No. 7, not answered for reason given. No. 8, no.

The Superior Court is advised to render judgment in accordance with the answers given to the foregoing questions. No costs will be taxed in favor of any party in this court.

In this opinion the other judges concurred.