CHARLES M. ALLEN *vs.* HOME NATIONAL BANK, AD-
MINISTRATOR C. T. A. (ESTATE OF IRVING G. SMITH).

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued June 4th—decided August 3d, 1935.

*Denis T. O'Brien, Jr.,* for the appellant (plaintiff).

*Wilbur F. Davis,* for the appellee (defendant).

*William C. Mueller,* for Minnie L. Smith.

HINMAN, J. The salient facts may be stated briefly. In August, 1932, Irving G. Smith of Meriden, being indebted to the Home National Bank in the amount of $1510 and desirious of borrowing $3450 additional, agreed to pledge as collateral security six policies of insurance on his life. Of these, two were payable to his wife, Minnie L. Smith, or in the event of her prior death, to his daughter Shirley I. Smith. The remaining four were payable to his wife, alone. On or about August 8th Smith executed and filed with the insuring company as to the first mentioned two policies, a revocation of the previous beneficiaries and the designation, instead, of his "executors, administrators and assigns." Thereafter, on or about August 9th, he delivered to the bank the six policies with assignments of his right, title and interest therein, which assignments were absolute in form and were executed jointly by Smith and his wife. They were made absolute in conformity with requirements of the insurance companies and the bank so that the bank could demand payment or cancel the loan at any time, in order to procure the cash value of the policies and liquidate any unpaid loans, and for no other purpose. It was the intention of both Smith and the bank that the assignments should be as collateral security only.

On or about August 10th and subsequent to the assignments, Smith executed and filed with the insurance company, as to the two policies the beneficiaries of which he had changed as above mentioned, another change of beneficiary form, naming as beneficiary his wife, if living, otherwise his daughter, subject to prior assignments to the bank. All the policies reserved to the insured the right to change the beneficiary without the latter's consent, and these two policies contained this provision: "Provided this contract is not assigned, the insured may at any time and

from time to time during its continuance, change the beneficiary, to take effect only when such change and the written consent of the company thereto are endorsed."

Smith died September 29th, 1933, and the Home National Bank was appointed administrator c. t. a. of his estate. As assignee of the policies the bank collected the sums payable under them, amounting to $28,910; the indebtedness of Smith to the bank at the time of his death was $4960, leaving a balance in its hands of $23,950.40 from which it paid to Mrs. Smith $5024.70 prior to this litigation. The bank, in its corporate capacity, admits that it has no claim to any portion of the proceeds in excess of the amount of the indebtedness of Smith to it. The appellant is a creditor of Smith's estate and claimed that the excess proceeds should be inventoried as part of the estate, but the Court of Probate ruled that the excess did not belong to the estate and on appeal the Superior Court held this to be correct.

The issue decided by the Court of Probate and presented by the appeals is as to whom belongs the excess of the proceeds of all of these policies above the indebtedness of the insured to the bank. Minnie L. Smith, widow of the insured, claims that this excess belongs to her as the beneficiary named in the policies. The appellant contends that it belongs to the estate of Irving G. Smith, the insured. This contention is based on two grounds, one applying to all of the policies, the other to the two in which, when they were assigned to the bank, the designated beneficiaries were the "executors, administrators and assigns" of the insured.

The first ground rests upon the fact that Minnie L. Smith, wife of the insured, joined with her husband in the assignments to the bank of all of the policies, the claim being that she thereby surrendered all of her

rights as beneficiary under them. Although an assignment of an insurance policy be absolute in form, it may be shown to have been intended to serve only as collateral security. In such case the assignee's rights in the proceeds of the policy are limited to the amount of the debt secured, interest, and premiums if paid by the assignee. The assignee is entitled to collect the whole proceeds but holds the excess in trust for those entitled thereto. *Gilman* v. *Curtis,* 66 Cal. 116, 4 Pac. 1094; Vance, Insurance (2d Ed.) p. 644; 6 Couch, Insurance, p. 5256; 7 Cooley, Briefs on Insurance (2d Ed.) p. 6525. The appellant concedes that if the policies here involved had been such as to be payable to the insured in his lifetime he would have been entitled to the excess, also that if his estate had been named as beneficiary, his administrator would have been entitled to it, and this must import an admission that, aside from complications affecting the result, any other named beneficiary would be so entitled.

The appellant's claim is that since each policy reserved a right in the insured to change the beneficiary, Mrs. Smith's interest was a mere expectancy and that she surrendered and parted with it by joining in the assignments to the bank. We find no support in authority or reason for attaching such an effect to her joinder in the assignments. There is nothing in the circumstances indicating that she joined for any other purpose than to enable the insured to use the policy as collateral security; as we have seen, the insured retained his rights to the extent of the surplus above the requirements of the security and there is no good reason apparent why the assignment should be accorded a broader effect, as applied to the beneficiary. The beneficiary's interest is regarded, in this State and quite generally as more than a mere expectancy. Where no right to change is reserved in the policy, the rights

of the named beneficiary cannot be impaired by the assured and the company without his assent; *Shepard & Co.* v. *New York Life Ins. Co.*, 87 Conn. 500, 504, 89 Atl. 186; where, as here, the right to change is reserved to the assured, the interest of the beneficiary is yet deemed to be vested, although qualified in that it is subject to be defeated by an exercise of the right reserved. *Neary* v. *Metropolitan Life Ins. Co.*, 92 Conn. 488, 492, 103 Atl. 661, and note, L. R. A. 1918F, 311; *Farmers Loan & Trust Co.* v. *McCarty*, 100 Conn. 367, 373; 124 Atl. 40; 37 C. J. 580. "So long as the power of defeasance is not exercised, [beneficiaries] stand in the position of one having a title which the law will recognize, and for the protection of which they are entitled to the usual legal and equitable remedies." *Barbin* v. *Moore*, 85 N. H. 362, 368, 159 Atl. 409, 83 A. L. R. 69. It was doubtless because of this that the bank required the wife as beneficiary to join in the assignments and her purpose in doing so was manifestly no more than co-extensive with that of the insured, viz.: that the policies might serve as collateral security. Even if, as we have no occasion to decide, assignment of a mere expectancy would have a different effect, as the appellant claims, that is not the present case.

The statement in the text in Vance, Insurance (2d Ed.) p. 645, which the appellant quotes, that the assignee "holds the excess beyond his interest . . . in trust for the personal representatives of the deceased debtor" plainly has reference to such cases, cited in it, as *Mutual Benefit Life Ins. Co.* v. *First National Bank*, 115 Ky. 757, 74 S. W. 1066, where the policy was payable to the assured's executors or assigns, and *Binkley* v. *Jarvis*, 102 Ill. App. 59, where the agreement joined in by assured, beneficiary, and assignees for collateral security was that the latter should pay

the overplus to the owners or their legal representatives. In *Aetna Life Ins. Co.* v. *Kimball,* 119 Me. 571, 112 Atl. 708, relied on by the appellant, assignments by assured and beneficiary for collateral purposes were followed and superseded by an assignment which was not only in form but intended as an absolute assignment. In *Connecticut Mutual Life Ins. Co.* v. *Westervelt,* 52 Conn. 586, an assignment of a policy for collateral security was joined in by the wife as beneficiary but she was held (p. 594) entitled to the balance of the proceeds after payment of the debt secured, and premiums advanced by another party. *In re Hayes' Will,* 229 N. Y. Sup. 113, joinder by a wife as beneficiary under policies insuring the life of her husband in an assignment for collateral security for a loan was held to constitute in effect an assent to the substitution of the assignee as beneficiary in her place and stead to the extent of the amount of the loan. See also *Howard* v. *John Hancock Mutual Life Ins. Co.,* 183 N. Y. Sup. 80, 82.

To give the effect to the wife's participation in the assignments which the appellant claims would contravene the long-established policy, evinced by statute, of excluding, in the absence of fraud, the husband's creditors from recourse to a wife's interest in policies of life insurance and that now expressed (by General Statutes, Cum. Sup. § 1095b) of extending to all beneficiaries protection against the representatives or creditors of the insured. General Statutes, 1918, § 5277; Public Acts, 1929, Chap. 58, § 13; *In re Reiter,* 58 Fed. (2d) 631, 632. In order to defeat the rights of a beneficiary it must appear that the act relied on was broad enough to have that effect. "It is not to be extended upon any theory that in some fashion or other the [insured's] estate or its general creditors have an equitable claim upon the insurance fund. One

of the prime ideas in life insurance is the creation of a fund free from such liabilities." *Barbin* v. *Moore,* supra, 372. We conclude, therefore, that the joinder by the wife in the assignments did not defeat or affect her rights, as beneficiary, in the excess of the policy proceeds above the indebtedness to the bank.

The second ground relates only to the two policies which were originally payable to Mrs. Smith or in the event of her prior death to the daughter of the insured, as to which he executed and filed, just before assigning the policies to the bank, a revocation of previous beneficiaries and a new designation of his executors, administrators or assigns, and, subsequent to the assignments, executed and filed with the insurer another change of beneficiary form, redesignating his wife, if living, otherwise his daughter. This procedure apparently was regarded as advisable owing to the potential interest of the daughter, in addition to the interest of the wife as primary beneficiary, under these policies, and its apprehended effect upon a joinder in the assignments by the wife alone. The appellant asserts that this redesignation was ineffective for the reason that at the time it was made the policies were assigned to the bank, and the policy provision permits a change of beneficiary "provided this contract is not assigned."

A policy of life insurance is primarily a contract between the insured and the insurer and, unless rights of others have been created under its provisions, it is subject to alteration by agreement of the parties to the same extent as any other contract. Provisions designating a method in accordance with which beneficiaries may be changed are inserted for the benefit of the insurer. *Supreme Council of Royal Arcanum* v. *Behrend,* 247 U. S. 394, 401, 38 Sup. Ct. 522; Vance, Insurance (2d Ed.) p. 571. Thus a provision permitting a change of beneficiary only where the policy has not been

assigned has been stated to be inserted for the benefit of the insurer in order to prevent confusion, complications or danger of liability growing out of changes of beneficiary after the assignment. *Underwood* v. *Jefferson Standard Life Ins. Co.,* 177 N. C. 327, 98 S. E. 832; and see *Travelers Ins. Co.* v. *Mayo,* 103 Conn. 341, 346, 130 Atl. 379; 2 Couch, Insurance, p. 827. Where, as here, the assignment is not to the insurer but to a stranger to the original contract, it has been held that the provision is also for the benefit of the assignee and that his rights could not be materially affected by a change of beneficiary, without his consent, while the policy was assigned, and that the insurer could not waive for him. *Underwood* v. *Jefferson Standard Life Ins. Co.,* supra, p. 332. Rights may have been created in persons named beneficiaries in or in accordance with the provisions of a policy such that those named may require that any change of beneficiary, in order to affect their rights, must be in the manner specified in the policy. *Shepard & Co.* v. *New York Life Ins. Co.,* 87 Conn. 500, 504, 89 Atl. 186; *Neary* v. *Metropolitan Life Ins. Co.,* 92 Conn. 488, 102 Atl. 661. But unless such rights have arisen, the requirements in the policy as to the method by which a change of beneficiary shall be brought about may be waived by the insurer; and where there are such rights, the power of the insured, with the consent of the insurer, to change the beneficiary without complying with the terms of the policy is limited only so far as is necessary to protect those rights. *Underwood* v. *Jefferson Standard Life Ins. Co.,* supra, p. 332.

In the instant case, at the time the assignments were made, the policies were payable to Smith's executors, administrators or assigns and no third person had any vested rights to the sums payable at Smith's decease. The exhibits made a part of the finding show that the

assignments were made, and duplicates filed with the insurer, in accordance with the provisions of the policy concerning assignments; that the notices of the change of beneficiaries made after the assignments were upon forms prepared by the company and each stated that it was "subject to prior assignment to the Home National Bank;" and that each notice stated upon its face that the insurer consented to the change upon the conditions set forth in it, and this consent was signed by a secretary of the company. Under these notices the rights of the bank as assignee were fully protected, no other person could claim any vested right to the proceeds of the policies, and the insurer, by consenting to the changes of beneficiaries in the form in which they were made, waived the limitation that no such changes could be made if the policies had been assigned.

There is no error.

In this opinion the other judges concurred.