JOHN J. O'CONNELL, ADMINISTRATOR (ESTATE OF EUGENE BRADY) *v.* PHOEBE BRADY ET AL.

MALTBIE, C. J., BROWN, JENNINGS, DICKENSON AND BALDWIN, Js.

Argued January 11—decided February 28, 1950.

*Leon E. McCarthy,* for the appellant (plaintiff).

*Joseph N. Perelmutter,* with whom, on the brief, was *Charles G. Albom,* for the appellee (named defendant).

DICKENSON, J.  The plaintiff in this action of interpleader sought to recover the proceeds of a life insurance policy in which his decedent was the insured. The insurer, the Metropolitan Life Insurance Company, and the beneficiary in the policy, Phoebe Brady, were named defendants.  By an interlocutory judgment the defendant insurance company was allowed to pay into court the proceeds of the policy less its expenses and was discharged from further liability.  The defendant Phoebe Brady, hereinafter referred to as the defendant, was directed to interplead with the plaintiff as to their respective claims.  The defendant claimed that she was the beneficiary under the policy and had made certain premium payments on it, and that the plaintiff's decedent had never exercised his privilege of changing the beneficiary.  The plaintiff claimed that his decedent had done all in his power to effect a change of beneficiary but had failed to because of the conduct of the defendant, and that he had an equitable right to the proceeds.  He has appealed from a judgment for the defendant.

Undisputed facts are that in 1918, when Eugene Brady, the plaintiff's decedent, and the defendant were husband and wife, Brady took out a twenty-payment policy of life insurance with the Metropolitan Life Insurance Company in the amount of $1000 in which the defendant was named as beneficiary.  The policy contained a provision that the insured might designate a

new beneficiary by filing a written notice thereof with the company accompanied by the policy for indorsement. Part of the premiums of the policy were paid out of the defendant's earnings. The policy became paid up in 1938. The two lived together until 1939 when Brady left his wife after he had refused to surrender the policy in return for its cash value. From then until his death in 1948 the two never spoke to each other and the only communication between them was on one occasion through his lawyer. On May 6, 1942, Brady submitted an application for a duplicate policy to the company on its form, in which he indicated that he believed the original policy was lost because of "separation between husband and wife about three years ago. Policy was in wife's possession but she will not admit it is either lost or in her possession now. She is beneficiary." The application was not accepted by the company because it had not been duly executed by the beneficiary. On June 12, 1945, Brady obtained a decree of divorce from the defendant on the grounds of desertion. On several occasions, both before and after the divorce, Brady asked his attorney Mr. Healey to obtain the policy from the defendant, as he wished to change the beneficiary. In June, 1945, Brady went to the office of the Metropolitan Life Insurance Company and requested it to change the beneficiary. He was told that it could not change the beneficiary until he found the original policy. On July 30, 1945, Mr. Healey wrote the defendant requesting the policy. On August 3, 1945, he received a letter from her stating that the policy was mislaid or lost at the time Brady left home. If the policy had been found by the beneficiary she would have sent it to Mr. Healey. Under the rules of the company, the only way Brady could have effected a change in the beneficiary without the signature of the defendant or possession

of the policy was by the submission of proof that the contract was in the defendant's possession and she had refused to surrender it. With such proof the company would have notified the defendant that unless enjoined by legal process it would grant the insured's request. So far as appears, Brady took no steps after June, 1945, to attempt to have the insurer change the beneficiary. He died April 27, 1948, with the policy still in force but mislaid or lost.

The trial court further found that no request was ever made of the defendant to sign any forms in support of an application for a duplicate policy or for a change of beneficiary; that the defendant never refused to surrender the policy; that Brady never gave written notice to the insurer that he wished to change the beneficiary; that by proper application Brady could have obtained a duplicate policy, change of beneficiary, or cash value; and that he failed to take the required measures. The plaintiff attacks these findings as found without evidence, but they find support in the evidence or by reasonable inference therefrom. The trial court also found that Brady wanted to change the beneficiary to his estate, but his attempt to do so "was frustrated by the fact that his divorced wife refused to sign a statement that the policy was lost and his inability to submit proof that the contract was in possession of the beneficiary who refused to surrender it." This is in contradiction to the finding stated above that the defendant never refused to sign a statement that the policy was lost, and the plaintiff claims that it supports his right of recovery. The attack on the finding requires us to examine the evidence. We find no evidence that the defendant was asked to sign such a statement or that she refused to sign one. We must accept the finding that she did not refuse to as the true statement of the fact.

In *Shepard & Co.* v. *New York Life Ins. Co.*, 87 Conn. 500, 89 A. 186, where a wife was the beneficiary in a life insurance policy in which her husband was the insured and there was no provision for a change of beneficiary, we held (p. 504) that by the law of this state and of New York the beneficiary takes a vested interest which cannot, after delivery of the policy, be divested by the insured or the insurer, or both acting together, citing numerous cases from both jurisdictions. In *Farmers' Loan & Trust Co.* v. *McCarty*, 100 Conn. 367, 124 A. 40, a case involving the construction of a will in which there was a provision that the testator's widow was to take in lieu of her statutory share the proceeds of an insurance policy on the testator's life in which she was named as beneficiary, we held that the proceeds of the policy formed no part of the testator's estate for the purpose of ascertaining the value of the widow's third. We said (p. 372): "From the time when she was named as beneficiary, the widow has had a vested interest in the proceeds of the policy of which she could not have been divested by any act of the insurer or of the insured or of both acting together, except in the manner provided in the contract for a change of beneficiary."

In *Bachrach* v. *Herrup*, 128 Conn. 74, 20 A. 2d 395, there was a provision in a life policy for a change of beneficiary similar to that before us. The right to change was reserved to the insured and the policy provided that such change should become effective only upon written notice to the company and indorsement by it of the policy. The wife was the insured and the husband was the named beneficiary. They separated and the husband refused to give the wife the policy. She wrote the company to learn whether the beneficiary could be changed in any other manner. She executed a company form for a change of beneficiary

to the plaintiff and forwarded it to the company.together with a statement of the reasons why she could not produce the policy. Upon her death the person claiming under the change of beneficiary brought an action against the original beneficiary and the insurance company and the parties interpleaded. We said (p. 76): "The general rule is that a change of beneficiary can only be effected by following the mode prescribed by the policy, however clear the intention to make the change may be. Insurance companies usually require, as in this case, that the original policy be surrendered for indorsement. To this rule there is a well recognized exception and a change is effective where the insured has done all in his power to comply therewith but has failed because the policy is beyond his control. Vance, Insurance (2d Ed.) § 148; Richards, Insurance (4th Ed.) 567; 2 May, Insurance (4th Ed.) § 399 O; 7 Cooley, Briefs on Insurance (2d Ed.) 6452 et seq.; 2 Joyce, Insurance (2d Ed.) §§ 746d, 849; 2 Couch, Insurance, § 322; 37 C. J. 585; 29 Am. Jur., Insurance, § 1317; 36 A. L. R. 771, note." See also note, 78 A. L. R. 970. We affirmed a judgment for the new beneficiary.

Summarized, our decisions indicate that the beneficiary takes a vested right when there is no provision in the policy for a change of beneficiary and that when there is such a provision the insured desiring a change of beneficiary must comply with the requirements of the policy or at least make every reasonable effort to comply with them in order to obtain relief through equitable principles.

The case before us is distinguished factually from *Bachrach* v. *Herrup*, supra, and the trial court was not in error in holding that it did not come within the exception to the rule. While there was a written application for a duplicate policy, there was none for a change

of beneficiary.  Later, in 1945, Brady requested a change of beneficiary of the company but there is no claim that he made a written application for a change, and a plaintiff's exhibit states that the company's records do not indicate the reason why the insured abandoned his attempts to obtain a duplicate policy.  So far as appears, he took no steps to change the beneficiary from 1945 to the time of his death in 1948.  There was no refusal on the part of the beneficiary to surrender the policy.  If Brady believed that the policy was in the possession of his wife, he could have taken legal measures to compel her to surrender it.  He took no such action.

The plaintiff contends that the insurer, by depositing the proceeds of the policy in court under the interlocutory judgment of interpleader, waived objection to compliance with the provision for a change.  Ordinarily, the requirements in an insurance policy as to the steps to be taken to make a change of beneficiary are for the protection of the insurer and, unless rights have become vested, the insurer may waive them and change the beneficiary although they have not been complied with.  *Allen* v. *Home National Bank*, 120 Conn. 306, 313, 180 A. 498; *Shaw* v. *John Hancock Mutual Life Ins. Co.*, 120 Conn. 633, 638, 182 A. 472; see 2 Appleman, Ins. Law & Practice, p. 317.  If the insurer does not change the beneficiary but pays the proceeds into court in an interpleader action, it thereby waives any right it had to insist that the requirements of the policy be complied with; but this does not work a change in the beneficiary, and it is for the court to determine who has the better right to the proceeds.  That is the substance of our decision in *Bachrach* v. *Herrup,* supra, 77, relied upon by the plaintiff; see *Shaw* v. *John Hancock Mutual Life Ins. Co.*, supra, 639; 2 Appleman, op. cit. § 1045.

The question whether the plaintiff's decedent had done all in his power to change the beneficiary was primarily one of fact. We cannot say that the conclusion of the trial court that he had failed to do so was so unreasonable that the judgment should be set aside.

There is no error.

In this opinion the other judges concurred.